Barry I. Levy, Esq.
Max Gershenoff, Esq.
Susan L. Miller, Esq.
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

Heath J. Szymczak, Esq.
Dennis K. Schaeffer, Esq.
JAECKLE, FLEISCHMANN & MUGEL, LLP
Avant Building - Suite 900
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-0600
*Counsel for Plaintiffs Government Employees Insurance Co.,
GEICO Indemnity Co., GEICO General Insurance Company
and GEICO Casualty Co.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY
CO.,

         Plaintiffs,

 -against-

MIKHAIL STRUTSOVSKIY, M.D.
a/k/a MICHAEL STRUT, M.D.,
RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C.,
AARON HIRSCH,
DEAN TRZEWIECZYNSKI,
KENNETH ANDRUS,
VASCU.FLO, INC., and
VASCUSCRIPT, INC.,

         Defendants.
------------------------------------------------------------------X

Docket No.: CV 12-0330

# REPLY TO COUNTERCLAIMS

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), as and for their Reply to the Counterclaims of Defendants Mikhail Strutsovskiy, M.D. a/k/a Michael Strut, M.D. and RES Physical Medicine & Rehabilitation Services, P.C. (collectively "Defendants"), state as follows:

## AS AND FOR A REPLY TO THE FIRST COUNTERCLAIM

1. To the extent that any response to Paragraph 391 of Defendants' Counterclaims is deemed to be required, Plaintiffs deny the allegations contained within paragraph 391 of Defendants' Counterclaims.

2. Plaintiffs deny the allegations contained within paragraph 392 of Defendants' Counterclaims.

3. Paragraph 393 of Defendants' Counterclaims sets forth a legal contention to which no response is required. To the extent that any response is deemed to be required, Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations contained within paragraph 393 of Defendants' Counterclaims.

4. Plaintiffs deny the allegations contained within paragraph 394 of Defendants' Counterclaims.

5. Paragraph 395 of Defendants' Counterclaims contains a request for relief to which no response is required. To the extent that any response is deemed to be required, Plaintiffs deny that Defendants are entitled to the relief requested in paragraph 395 of Defendants' Counterclaims.

6. Plaintiffs deny the allegations contained within paragraph 396 of Defendants' Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The Counterclaims fail to state a proper cause of action upon which relief may be granted as against Plaintiffs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. Defendants have engaged in fraudulent conduct and made material misrepresentations in regard to the billing that was submitted to Plaintiffs, and in regard to the direction of the treatment and care of the eligible injured persons. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. Defendants have engaged in fraudulent conduct and have made material misrepresentations to Plaintiffs concerning the necessity and the utility of the treatment, goods, and services that allegedly were provided to the eligible injured persons. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Defendants have engaged in fraudulent conduct and have made material misrepresentations to Plaintiffs regarding billing for services, tests, drugs, and/or supplies that never actually were provided to the eligible injured persons. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. Defendants' assignors engaged in fraudulent conduct, willfully concealed material facts from Plaintiffs, and misrepresented material facts to Plaintiffs, in connection with the Plaintiffs' attempts to investigate the claims and accidents that are alleged to have occurred. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The treatment rendered was not medically necessary and/or appropriate under the circumstances, nor was it reasonable and customary within the profession given the condition of Defendants' assignors.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiffs timely and properly denied the no-fault benefits sought by the Defendants based upon the results of a Peer Review and/or Independent Medical Examination.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiffs are not liable to the Defendants for payment of healthcare benefits as alleged in the Counterclaims because the services were not causally related to the use or operation of a motor vehicle.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. Defendants have failed to comply with the terms and conditions of the insurance policies under which the claims have been submitted. As such, Plaintiffs have no obligation to pay the Defendants' claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Defendants failed to comply with Plaintiffs' requests for additional verification in the form of documentation and/or an examination under oath, as required by 11 N.Y.C.R.R. § 65 and the policies of insurance under which the claims have been submitted. As such, Plaintiffs have no duty to pay Defendants' claims that have been submitted.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Defendants' assignors have failed to comply with the terms, conditions and provisions of the insurance policies as well as Plaintiffs' requests for additional verification, including an examination under oath and/or an independent medical examination, as required by 11 N.Y.C.R.R. § 65. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. Defendant RES Physical Medicine & Rehabilitation Services, P.C. is an unlawfully and/or improperly incorporated medical provider in violation of the Business Corporation Law of the State of New York, the Public Health Law of the State of New York and/or the Education Law of the State of New York. As a result, Defendant RES Physical Medicine & Rehabilitation Services, P.C. is not eligible for reimbursement pursuant to 11 N.Y.C.R.R. Section 65-3.16(a)(12).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. Defendants are not entitled to recover on the claims at issue to the extent Defendants engaged in improper fee splitting and/or are engaged in unlawful referral arrangements prohibited by the New York Education Law and/or Public Health Law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. Defendants failed to properly verify the claims by, among other things, failing to sign the NF-3 Verification of Treatment or other claim forms. In the absence of said verification, the claims are not yet proven, nor is payment due or overdue.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. The Defendants' assignors failed to provide timely notice of the claims to Plaintiffs and/or the Defendants failed to timely submit their bills for reimbursement to Plaintiffs, as required by 11 N.Y.C.R.R. § 65. As a result, Plaintiffs have no duty to pay the Defendants' claims that have been submitted.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. Defendants do not have a valid assignment under which they have legal rights to pursue their Counterclaims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23. If Plaintiffs are found liable in this action, which liability they specifically deny, they are only responsible for fees charged in accordance with the workers' compensation fee schedule pursuant to Section 5108 of New York State's Insurance Law and/or Regulation 83.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

24. Defendants' assignors were not involved in their losses as claimed, and the injuries alleged did not arise out of covered losses. Accordingly, Defendants' assignors are not entitled to no-fault benefits.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

25. Defendants' Counterclaims are barred by the doctrines of release, accord and satisfaction, other action pending, arbitration award, collateral estoppel, res judicata and statute of limitations.

Dated: July 5, 2012

        RIVKIN RADLER LLP

        By: _____
          Barry I. Levy, Esq.
          Max Gershenoff, Esq.
          Susan L. Miller, Esq.
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

        -and-

JAECKLE, FLEISCHMANN & MUGEL, LLP
        Heath J. Szymczak, Esq.
        Dennis K. Schaeffer, Esq.
Avant Building - Suite 900
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-0600

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co, GEICO General Insurance Company and GEICO Casualty Co.*