UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GOVERNMENT EMPLOYEES INSURANCE CO.
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY
CO.

                    *Plaintiffs,*

v.                                                         Case No. 12-CV-0330

MIKHAIL STRUTSOVSKIY, M.D.
a/k/a MICHAEL STRUTSOVSKIY, M.D.,
RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C.,
AARON HIRSCH,
DEAN TRZEWIECZYNSKI,
KENNETH ANDRUS,
VASCU.FLO, INC., and
VASCUSCRIPT, INC.

                    *Defendants.*
_____

**DEFENDANTS MIKHAIL STRUTSOVSKIY, M.D. A/K/A MICHAEL STRUTSOVSKIY, M.D., AND RES PHYSICAL MEDICINE & REHABILITATION SERVICES, P.C.'S AUTOMATIC DISCLOSURES**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Defendants MIKHAIL STRUTSOVSKIY, M.D. a/k/a MICHAEL STRUTSOVSKIY, M.D., AND RES PHYSICAL MEDICINE & REHABILITATION SERVICES, P.C.'s (hereinafter "Strutsovskiy" or "Defendant"), by their attorneys, The Knoer Group, PLLC hereby set forth the following required Initial Disclosures:

## I.     DISCLOSURES

*Disclosure Request 26(a) (1)(A)(i)*

The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

*Response to Disclosure Request 26(a) (1)(A)(i)*

Based on the information available at the present time, Plaintiffs state that the following individuals may have discoverable information.

1. Mikhail Strutsovskiy, M.D.
   6035 Corinne Lane
   Clarence Center, New York 14032
   716-681-4088

Dr. Mikhail Strutskovskiy, M.D. has knowledge or information with regard to:

   a. Dr. Strutskovkiy's medical license and the ability to practice medicine and dispense drugs;

   b. The operation and management of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.;

   c. The delivery of medical services by Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.;

   d. The selection and appropriate nature of billing codes on billing submitted through Dr. Strutskovkiy's medical practice including RES Physical

Medicine & Rehabilitation Services, P.C.;

 e. The fact that billings submitted by Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C. were appropriate for the medical needs of the patient, were properly billed, and performed in accordance with all standards necessary to support the charges; and

 f. The relationship of Dr. Mikhail Strutskovskiy, M.D. and Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C. to the other Defendants.

2. Aaron Hirsch
   11 East Pinelake Drive
   Buffalo, New York 14221
   716-636-1178

 a. the operation and management of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.; and

 b. the relationship between Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C. and Aaron Hirsch and Vascu.Flo, Inc.

3. Kenneth Andrus
   43 Cedarbrook Drive
   Lancaster, New York 14086
   716-681-0499

 a. the operation and management of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.; and

    b.  the relationship between RES Physical Medicine & Rehabilitation Services, P.C. and VascuScript, Inc. and the nature, extent, and appropriateness of prescriptions obtained through VascuScript, Inc. by patients of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.

4.  Dean Trzewieczynski
   395 Sprucewood Terrace
   Buffalo, New York 14221
   716-681-2968

    a.  the operation and management of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.; and

    b.  the relationship between Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C. and VascuScript, Inc. and the nature, extent, and appropriateness of prescriptions obtained through VascuScript, Inc. by patients of Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C.

5.  In addition, Defendant will reply upon the testimony of all patients served by Dr. Strutskovkiy's medical practice including RES Physical Medicine & Rehabilitation Services, P.C. for which charges were billed to GEICO including patients for whom charges have been reimbursed by GEICO as well as patients for whom charges are pending reimbursement. Defendant expects those patients to testify as to:

    i.  The nature of the services received;

    ii.  The necessity of the services received;

      iii.      The timeliness of the services received;

      iv.      The quality of the services received; and

      v.      their relationship with Dr. Mikhail Strutskovskiy, M.D. and RES Physical Medicine & Rehabilitation Services, P.C.

In deference to and under the obligations of the Health Insurance Portability and Protection Act ("HIPPA"), Defendant is prevented from disclosing more specific information to the individual patients as may be requested in Federal Rules of Civil Procedure 26(a)(i)(A).

Defendant's witnesses will be able to testify in rebuttal to the allegations that there was a scheme or enterprise constituting a violation of the RICO Statutes; witnesses will be able to testify as to the business arrangements and/or lack thereof between each Defendant and/or each or some of the Defendants, and as to the lack of any "kickback" or scheme to defraud or inappropriate billing practices.

      6.      Unnamed Representatives of Plaintiffs

Defendants believe that unnamed representatives of Plaintiffs will be able to testify as to the Plaintiffs methods of investigation and determination of billing practices and/or payment to medical providers and/or denial of claims and arbitration proceedings and as to a systematic attempt by GEICO to wrongfully discredit Defendant.

**Disclosure Request 26(a)(1)(A)(ii)**

A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

*Response to Disclosure Request 26(a)(1)(A)(ii)*

Defendant will reply on documentation exchanged between Plaintiffs and Defendant with regard to patient treatment, including but not limited to:

    a.    all submittals for payments;

    b.    arbitration files;

    c.    denials; and

    d.    examinations under oath.

Defendant will further rely on business and accounting records of Defendant's medical practice.

Defendants will further rely on internal communications of and between the Plaintiff and Plaintiff's contractors and agents and others as to the investigation of medical providers and the systematic attempt to discredit Plaintiff.

**Disclosure Request 26(a)(l)(A)(iii)**

A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other

evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

*Response to Disclosure Request 26(a)(l)(A)(iii)*

Defendant will seek damages on its counterclaim in the amount of $271,823.25 as per the bills submitted together with any interest which may be due to Defendant by contract, statute, or regulation. The Plaintiff is already in possession of invoices and documentation to substantiate and counterclaim claim that has been made.

**Disclosure Request 26(a)(l)(A)(iv)**

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*Response to Disclosure Request 26(a)(1)(A)(iv)*

None.

DATED:    Buffalo, New York
         July 30, 2012

_____s/Robert E. Knoer_____
Robert E. Knoer, Esq.
THE KNOER GROUP, PLLC
*Attorneys for Defendants*
*Mikhail Strutsovskiy, M.D.*
*a/k/a Michael Strutsovskiy, M.D.,*
*RES Physical Medicine &*
*Rehabilitation Services, P.C.*
424 Main Street, Suite 1820
Buffalo, New York 14202
(716) 332-0032
Fax: 716-362-8748
Email: rknoer@knoergroup.com

TO: Barry I. Levy
Rivkin, Radler LLP
*Attorneys for Plaintiffs*
926 RXR Plaza
Uniondale, NY 11556
516-357-3149
Fax: 516-357-3333
Email: barry.levy@rivkin.com

Max Gershenoff
Rivkin, Radler LLP
926 RXR Plaza
Uniondale, NY 11556
516-357-3444
Fax: 516-357-3333
Email: max.gershenoff@rivkin.com

Susan L. Miller
Rivkin, Radler LLP
926 RXR Plaza
Uniondale, NY 11556
516-357-3150
Fax: 516-357-3333
Email: susan.miller@rivkin.com

Dennis K. Schaeffer
Jaeckle Fleischmann & Mugel, LLP (Bflo)

*Attorneys for Plaintiffs*
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
(716) 843-3872
Fax: 716-856-0432
Email: dschaeffer@jaeckle.com

Heath J. Szymczak
Jaeckle Fleischmann & Mugel, LLP
Fleet Bank Building
Twelve Fountain Plaza
Buffalo, New York 14202-2292
(716) 856-0600
Fax: 716-856-0432
Email: hszymczak@jaeckle.com


Andrea Schillaci
Hurwitz & Fine, P.C.
*Attorney for Defendants Aaron Hirsch and Vascu.Flo, Inc*
1300 Liberty Building
Buffalo, NY 14202-3670
(716) 849-8900
Fax: 716-855-0874
Email: as@hurwitzfine.com

Harry E. Werner, Esq.
*Attorney for Defendants*
*Dean Trzewieczynski, Kenneth Andrus and VascuScript, Inc.*
2495 Main Street Suite 512
Buffalo New York 14214
(716) 270-0021
hwerner@wernerlaw.com