UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

Docket No.: 12-CV-0330
(RJA)(HKS)

Plaintiffs,

-against-

MIKHAIL STRUTSOVSKIY, M.D.
a/k/a MICHAEL STRUT, M.D.,
RES PHYSICAL MEDICINE &
REHABILITATION SERVICES, P.C.,
AARON HIRSCH,
DEAN TRZEWIECZYNSKI,
KENNETH ANDRUS,
VASCU.FLO, INC., and
VASCUSCRIPT, INC.,

Defendants.
-----------------------------------------------------------------X

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 56

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), by and through their counsel, Rivkin Radler LLP, respectfully submit the following response to the Statement Pursuant to Local Rule of Civil Procedure 56 (the "Def. Statement") by Defendants Mikhail Strutsovskiy, M.D. a/k/a Mikhail Strut, M.D. ("Strut") and RES Physical Medicine & Rehabilitation Services, P.C. ("RES")(collectively "Defendants"):

1. Plaintiffs do not dispute the contentions in paragraph "1" of the Def. Statement.

2. Plaintiffs do not dispute the contentions in paragraph "2" of the Def. Statement.

3. Plaintiffs do not dispute the contentions in paragraph "3" of the Def. Statement.

4. Plaintiffs do not dispute the contentions in paragraph "4" of the Def. Statement.

5. Plaintiffs do not dispute the contentions in paragraph "5" of the Def. Statement.

6. Plaintiffs do not dispute the contentions in paragraph "6" of the Def. Statement.

7. Plaintiffs do not dispute the contentions in paragraph "7" of the Def. Statement.

8. Plaintiffs do not dispute the contentions in paragraph "8" of the Def. Statement.

9. Plaintiffs do not dispute the contentions in paragraph "9" of the Def. Statement.

10. Plaintiffs do not dispute the contentions in paragraph "10" of the Def. Statement.

11. Plaintiffs do not dispute the contentions in paragraph "11" of the Def. Statement.

12. Plaintiffs dispute the contentions in paragraph "12" of the Def. Statement to the extent they suggest that Strut was "properly" assigned no-fault insurance benefits by GEICO insureds, and to the extent they suggest that Strut actually "provided" all of the "treatments" that he billed to GEICO.

Rather, the evidence strongly suggests that Defendants incentivized GEICO insureds to assign their no-fault insurance benefits to Defendants, and to report to Defendants on a continuing basis for medically unnecessary or illusory treatments, by prescribing massive amounts of narcotics and other habit-forming drugs to the insureds without regard for medical necessity, the applicable standards of care, patient safety, and public safety. See Declaration of Matthew Shatzer, D.O. ("Shatzer Decl."), ¶¶ 4-7, and Exhibit "A", pp. 11-42; Declaration of Peter Staats, M.D. ("Staats Decl."), ¶¶ 8-12, and Exhibit "A", pp. 14-22; Declaration of Robert Leone ("Leone Decl."), ¶¶ 88-130.

What is more, Defendants did not actually provide all of the "treatments" that they billed to GEICO. Though Defendants routinely billed GEICO for purported initial patient consultations under current procedural terminology ("CPT") codes 99245 and 99244, they did not actually

2

provide consultations billable under CPT codes 99245 or 99244. See Declaration of Jacqueline Thelian, CPC, CPC-I ("Thelian Decl."), ¶¶ 3-7, and Exhibit "A", p. 3.

In addition, though Defendants routinely billed GEICO for complex, lengthy, high-level patient consultations under CPT codes 99245 and 99244, Defendants did not actually provide complex, lengthy, high-level consultations to GEICO insureds. See Shatzer Decl., ¶¶ 4-7, and Exhibit "A", pp. 11-24; Staats Decl., ¶¶ 8-12, and Exhibit "A", pp. 7-14; Leone Decl., ¶¶ 89-105.

Moreover, Defendants routinely billed GEICO for tendon injections under CPT code 20551, when in actuality the injections they provided were prolotherapy injections, which do not have any CPT code assigned to them. See Thelian Decl., ¶¶ 3-7, and Exhibit "A", pp. 5-6; Leone Decl., ¶ 130. Furthermore, Defendants routinely billed GEICO for nine separate single drug class screening tests per insured, per date of service, when in fact the drug tests Defendants used were individual multi-drug class screening tests. See Thelian Decl., ¶¶ 3-18, and Exhibit "A", pp. 4-5.

13. Plaintiffs despite the contentions in paragraph "13" of the Def. Statement to the extent they suggest that GEICO's only recourse in dealing with no-fault insurance claims for medically unnecessary or illusory services is to request additional verification of the claims or to reject the claims. New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law §§ 5101, et seq.), and the regulations promulgated pursuant thereto (11 N.Y.C.R.R. §§ 65, et seq.)(collectively the "No-Fault Laws"), do provide a system for the additional verification of or the rejection of claims. See Leone Decl., ¶¶ 32-38. However, the system requires insurance companies such as GEICO to: (i) request any additional verification of a claim within 15 days of its receipt; and then to (ii) pay or deny the claim within 30 days. See, e.g., N.Y. Ins. Law § 5106(a); 11 NYCRR § 65-3.8. Furthermore, any defenses predicated on lack of medical necessity or illusory services must be asserted in the denial within such 30-day time period, or

else they are waived. Id. Given these short time-frames in which insurers must determine whether to pay or deny claims, the New York Department of Financial Services (then the Department of Insurance or "DOI") has opined that "[t]he New York No-Fault reparations law, more specifically through the payment of benefits provisions of N.Y. Ins. Law § 5106 (McKinney 2000), is in no way intended and should not serve as a bar to subsequent actions by an insurer for the recovery of fraudulently obtained benefits from a claimant, where such action is authorized under the auspices of any statute or under common law." See Declaration of Max Gershenoff ("Gershenoff Decl."), Exhibit "A". In deference to the DOI opinion, every Court to consider the issue thereafter has held that an insurer that has paid a no-fault insurance claim may later sue the claimant for fraud or unjust enrichment in order to recoup the payment. See, e.g., Allstate Ins. Co. v. Lyons, 843 F. Supp. 2d 358, 378-379 (E.D.N.Y. 2012)(collecting cases).

14. Plaintiffs dispute the contentions in paragraph "14" of the Def. Statement to the extent that they contend that Plaintiffs are subject to certain undefined "New York State Insurance Guidelines". Plaintiffs also dispute the contentions in paragraph "14" of the Def. Statement to the extent that they may be read to improperly paraphrase or advance legal conclusions with respect to the No-Fault Laws. Plaintiffs respectfully submit that the No-Fault Laws speak for themselves.

15. Plaintiffs dispute the contentions in paragraph "15" of the Def. Statement to the extent that they improperly are predicated on an "Exhibit 19" that is not attached to Defendants' motion papers. To the extent that the contentions in paragraph "15" of the Def. Statement improperly are predicated on an exhibit that is not attached to Defendants' motion papers, they are not supported "by citation to evidence that would be admissible" in accordance with Local

Rule of Civil Procedure 56(a)(3). However, Plaintiffs do not dispute that they contest the legitimacy of Defendants' treatment and billing practices.

16. Plaintiffs dispute the contentions in paragraph "16" of the Def. Statement. While GEICO commenced an investigation of Strut in or about October 2010, it did not – at that time – have any "belief" that Strut "was not eligible to receive reimbursement for any claims he submitted for treatment". See Leone Decl., ¶¶ 61-73. Rather, in or about October 2010, GEICO – at most – believed that some of Strut's claims appeared to be suspicious. Id.

17. Plaintiffs dispute the contentions in paragraph "17" of the Def. Statement to the extent they suggest that GEICO was in a position to conduct a thorough investigation of Strut's "billing practices" in October 2010. While GEICO did commence an investigation of Strut's treatment and billing practices in October 2010, the investigation was – by necessity – limited to the claims Strut had submitted by that time, which made it impossible as a practical matter to identify Defendants' pattern of fraudulent treatment and billing. This pattern that did not become clear until Defendants had submitted a larger number of claims. See Leone Decl., ¶¶ 64-72.

18. Plaintiffs do not dispute the contentions in paragraph "18" of the Def. Statement, except: (i) to the extent that they fail to differentiate between the examination under oath ("EUO") that GEICO took on December 21, 2010, in which it sought additional verification of the claims Strut had submitted under his own tax identification number, and the EUO that GEICO took on May 20, 2011 and July 12, 2011, in which it sought additional verification of the claims Defendants had submitted through RES, under RES' tax identification number (see Leone Decl., ¶¶ 68, 75, 79-82); and (ii) to the extent that they suggest that the May 20, 2011 and July 12, 2011 events constituted separate EUOs, when in actuality the July 12, 2011 event was simply

5

a continuation of the May 20, 2011 EUO, which had been adjourned early at Defendants' request. Id., ¶ 81.

19. Plaintiffs dispute the contentions in paragraph "19" of the Def. Statement to the extent that they improperly are predicated on an "Exhibit 19" that is not attached to Defendants' motion papers. To the extent that the contentions in paragraph "19" improperly are predicated on an exhibit that is not attached to Defendants' motion papers, they are not supported by "by citation to evidence that would be admissible" in accordance with Local Rule of Civil Procedure 56(a)(3). Plaintiffs further dispute the contentions in paragraph "19" of the Def. Statement to the extent that they posit that Plaintiffs "challenge", in some unspecified manner, most of certain undefined "submittals" by Defendants. However, Plaintiffs do not dispute that they currently contest the legitimacy of Strut's treatment and billing practices.

20. Plaintiffs dispute the contentions in paragraph "20" of the Def. Statement to the extent that they may be read to improperly paraphrase or advance legal conclusions with respect to the No-Fault Laws. Plaintiffs respectfully submit that the No-Fault Laws speak for themselves. Furthermore, Plaintiffs dispute the contentions in paragraph "20" of the Def. Statement to the extent that Defendants are contending that Plaintiffs have the ability to "present any witnesses" and "cross-examine the witnesses" presented by Strut in the context of the expedited no-fault arbitration procedure set forth in 11 N.Y.C.R.R. § 65-4.5. See Leone Decl., ¶¶ 57-60.

21. Plaintiffs dispute the contentions in paragraph "21" of the Def. Statement to the extent they suggest that individual no-fault arbitrators are "assigned by the State of New York to review claims". The pertinent regulation, 11 N.Y.C.R.R. § 65-4.2, speaks for itself. See also Leone Decl., ¶¶ 49-56. Moreover, Plaintiffs dispute the contentions in paragraph "21" of the Def.

Statement to the extent that they suggest that all of Defendants' claims have been submitted to arbitration, and to the extent that they suggest that arbitrators universally have determined that all of Defendants' claims were legitimate. In fact, Defendants have submitted some – but not all – of their claims to arbitration, and in light of the expedited no-fault arbitration procedure set forth in 11 N.Y.C.R.R. § 65-4.1, with its concomitant limitations on discovery and evidence, they have managed to prevail in some – but not all – of the arbitral proceedings they have instituted. See Leone Decl., ¶ 61.

22. Plaintiffs do not dispute the contentions in paragraph "22" of the Def. Statement.

23. Plaintiffs dispute the contentions in paragraph "23" of the Def. Statement to the extent that they improperly are predicated on an "Exhibit 19" that is not attached to Defendants' motion papers. To the extent that the contentions in paragraph "19" improperly are predicated on an exhibit that is not attached to Defendants' motion papers, they are not supported by "by citation to evidence that would be admissible" in accordance with Local Rule of Civil Procedure 56(a)(3). Plaintiffs further dispute the contentions in paragraph "23" of the Def. Statement to the extent that they posit the existence of individuals called "New York State No-Fault arbitrators", which suggests that the arbitrators who decide no-fault insurance disputes are state actors.

While Plaintiffs do not dispute that a small number of arbitrators have permitted Defendants to recover reimbursement for prolotherapy injections, Plaintiffs dispute the contentions in paragraph "23" of the Def. Statement to the extent they suggest that the prolotherapy injections Defendants purported to provide to GEICO insureds were medically necessary or appropriate. In actuality, the prolotherapy injections Defendants purported to provide to GEICO insureds were not medically necessary or appropriate. See Shatzer Decl, ¶¶ 3-7, and Exhibit "A", pp. 5-7, 34-40; Staats Decl., ¶¶ 8-12, and Exhibit "A", pp. 20-22.

24. Plaintiffs dispute the contentions in paragraph "24" of the Def. Statement to the extent they suggest that any of Plaintiffs' experts other than Peter Staats, M.D. ("Dr. Staats") testified that prolotherapy is appropriate under any circumstances. While Plaintiffs do not dispute that Dr. Staats testified that prolotherapy can be an appropriate treatment under very limited circumstances, Plaintiffs dispute the contentions in paragraph "24" to the extent that they suggest that Dr. Staats found Defendants' purported prolotherapy treatments to be appropriate in any cases. In fact, Dr. Staats specifically determined Defendants' purported prolotherapy treatments to be completely unnecessary and inappropriate. See Shatzer Decl, ¶¶ 3-7, and Exhibit "A", pp. 5-7, 34-40; Staats Decl., ¶¶ 8-21, Exhibit "A", pp. 20-22, and Exhibit "B", pp. 89-90, 150, 186, 187, 241.

25. Plaintiffs dispute the contentions in paragraph "25" of the Def. Statement to the extent that they improperly paraphrase the Complaint in this action, and respectfully submit that the Complaint speaks for itself.

26. Plaintiffs dispute the contentions in paragraph "26" of the Def. Statement to the extent they suggest that Defendants actually did determine appropriate treatment, measurement, and prescription on an individual basis, and to the extent they suggest there is no way for Plaintiffs or their experts to identify a pattern of fraudulent treatment occurring across a large number of patients. See Shatzer Decl., ¶¶ 8-10, Exhibit "A", passim, and Exhibit "B", pp. 114-117, 199-201; Staats Decl., ¶¶ 16-20, Exhibit "A", passim, and Exhibit "B", pp. pp. 89-90, 150, 186, 187, 241; Leone Decl., ¶¶ 93-108, 124-130.

In fact, though legitimate medical decision-making should be done on a case-by-case basis, and should be predicated on each individual patient's discrete circumstances, symptomatology, etc., Defendants did not engage in legitimate medical decision-making on a

case-by-case basis. See id. Instead, they simply provided substantially-identical diagnoses and medically unnecessary treatment recommendations to virtually every GEICO insured they supposedly treated, using what appeared to be cut-and-pasted examination reports that did not vary to any substantive degree from one patient to the next, despite wide variations in the patients' individual circumstances and presentment. Id.

27. Plaintiffs dispute the contentions in paragraph "27" of the Def. Statement to the extent that they improperly paraphrase the Complaint in this action, and respectfully submit that the Complaint speaks for itself.

28. Plaintiffs dispute the contentions in paragraph "28" of the Def. Statement. See Leone Decl., ¶¶ 89-105, 168-176, and Exhibit "II", pp. 132-144, 144, 203-205; Thelian Decl., ¶¶ 3-18, and Exhibit "A", p. 3-5; Shatzer Decl., ¶¶ 4-7, and Exhibit "A", pp. 11-24; Staats Decl., ¶¶ 8-12, and Exhibit "A", pp. 7-14;

In particular, Defendants: (i) routinely billed GEICO for purported complex, lengthy, high-level initial patient consultations under CPT codes 99245 and 99244, when they did not actually provide complex, lengthy, high-level consultations billable under CPT codes 99245 or 99244; (ii) routinely billed GEICO for tendon injections under CPT code 20551, when in actuality the injections they provided were prolotherapy injections, which do not have any CPT code assigned to them; and (iii) routinely billed GEICO for nine separate single drug class screening tests per insured, per date of service, when in fact the drug tests Defendants used were individual multi-drug class screening tests. Id.

29. Plaintiffs dispute the contentions in paragraph "29" of the Def. Statement. See Leone Decl., ¶ 163.

30. Plaintiffs dispute the contentions in paragraph "30" of the Def. Statement. See Leone Decl., ¶ 180.

31. Plaintiffs dispute the contentions in paragraph "31" of the Def. Statement. See Leone Decl., ¶¶ 181-187.

32. Plaintiffs dispute the contentions in paragraph "32" of the Def. Statement. See Leone Decl., ¶¶ 37-60, 66-75, 77-90.

Dated: Uniondale, New York
December 19, 2014

Respectfully submitted,

RIVKIN RADLER LLP

By: /s/ 
Barry I. Levy, Esq.
Max Gershenoff, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*