UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY
CO.,

                              Plaintiffs,

                                                                                                  Docket No.: 12-CV-00330

v.

MIKHAIL STRUTSOVSKIY, M.D.
a/k/a MICHAEL STRUT, M.D.,
RES PHYSICAL MEDICINE &
REHABILITATION SERVICES, P.C.,
AARON HIRSCH,
DEAN TRZEWIECZYNSKI,
KENNETH ANDRUS,
VASCU.FLO, INC., and
VASCUSCRIPT, INC.,

                              Defendants.

_____

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT TO
DEFENDANT MIKHAIL STRUTSOVSKIY, M.D. a/k/a MICHAEL STRUT, M.D.'S
and RES PHYSICAL MEDICINE & REHABILITATION SERVICES, P.C.'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Robert E. Knoer, Esq.
**THE KNOER GROUP, PLLC**
*Attorneys for Defendants Strutsovskiy and
RES Physical Medicine & Rehabilitation
Services, P.C.*
424 Main Street, Suite 1820
Buffalo, New York 14202
(716) 332-0032
rknoer@knoergroup.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT ..........................................................................................1

SUMMARY OF THE ARGUMENT ...................................................................................2

ARGUMENT .......................................................................................................................3

   I.    Procedural Status Matters .......................................................................................3

   II.   Plaintiffs' Burden ....................................................................................................7

   III.  Reliance is Not Present ...........................................................................................8

   IV.  Not All Claims Are The Same ..............................................................................10

   V.   Causation ...............................................................................................................12

CONCLUSION ..................................................................................................................13

# TABLE OF AUTHORITIES

**Statutes**

FRCP 12 (b)(6) ...................................................................................................................1,3

**Case Law**

*AIU Ins. Co. v. Olmecs Med. Supply, Inc.,* 2005 U.S. Dist. LEXIS 29666 at * 8 - * 4 (E.D.N.Y.
    2005) ........................................................................................................................5, 6

*Allstate Ins. Co. v. Etienne*, 2010 U.S. Dist. LEXIS 113995 at * 4 - * 11 (E.D.N.Y. 2010) ............4

*Allstate Ins. Co. v. Ahmed Halima,* 2009 U.S. Dist. LEXIS 22443 at * 7 - * 9
    (E.D.N.Y. 2009) ...................................................................................................5, 10, 12

*Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 371, 2012 U.S. Dist. LEXIS 19866, *21,
    2012 WL 517600 (E.D.N.Y. 2012) ............................................................................4, 11

*Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*, 2009 U.S. Dist. LEXIS 91291, *15-16,
    2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009) ............................................................5, 9

*State Farm Mut. Auto.Ins. Co. v. Cohan*, 2009 U.S. Dist. LEXIS 125653 at * 3 - * 6
    (E.D.N.Y. 2009) ..............................................................................................................5

*State Farm Mutual Auto Insurance Company v Kalika*, 2006 US Dist. Lexis 97454
    supra at * 5 ............................................................................................................. 6, 11

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, P.C., 375 F. Supp. 2d 141, 147-148
    (E.D.N.Y. 2005) ................................................................................................5, 6, 10, 12

## PRELIMINARY STATEMENT

Defendants Michael Strut and his medical practice RES Physical Medicine & Rehabilitation Services (hereinafter "Defendant") submit this memorandum of law in reply to the responding memorandum submitted by Plaintiff GEICO and in further support to Defendants Objections to Report and Recommendation. [DKT 96].

The factual background and procedural history will not be repeated here except to emphasize that unlike many of the cases cited by GEICO this matter comes before the Court on a motion for summary judgment and not a motion to dismiss for failure to properly plead pursuant to FRCP 12(b)(6) or on a default. Plaintiffs' burden in opposition is much greater.

GEICO reasserts, emphasizes, highlights and shouts from the mountaintop, that Dr. Strut has a prior felony conviction. No denial. However the conviction occurred before Dr. Strut was even a medical doctor. Dr. Strut entered a plea agreement for his part in a scheme orchestrated by another medical provider. He came to agreement with the government on the penalty he should suffer and he suffered the penalty including probation, fines and banishment from the Medicare system for a period. [DKT 1-3, Page 9]. That felony conviction is not related in any way to the current factual pattern and has no bearing on this case. As much as GEICO would like to prevent Dr. Strut from billing his properly provided and coded medical treatment they have been unable to convince anyone with authority that Dr. Strut is acting improperly. That includes:

    i. the arbitrators assigned by the no-fault system to analyze whether or not treatment provided are medically necessity possessory in any particular case and whether or not the billing protocol was properly followed;

    ii. the New York State Attorney General Medicaid fraud unit;

    iii. the Drug Enforcement Agency; and

  iv. any other entity that they have contacted of which Dr. Strut may not even be aware of.

Despite his felony conviction the New York State Department of Education saw fit to issue and continues to honor Dr. Strut's medical license. GEICO should not be allowed to avoid their legitimate obligations under the no-fault system by raising past unrelated "bad acts" and forum shopping in federal court.

## SUMMARY OF THE ARGUMENT

After discovery, including the deposition of GEICO representatives familiar with and in fact managing GEICO's no-fault reimbursement unit, a motion for summary judgment was brought by Dr Strut. The evidence submitted establishes that GEICO did not rely on Dr. Strut's submittals after November 2010.

GEICO opposed the motion by asserting that it had a <u>right to rely</u> on the submittals based on the boilerplate verification. Such argument misses the point. Whether reliance might have been "reasonable" or "justified" is not at issue. Reliance <u>did not</u> occur. There is no fact question that GEICO had determined that as of November 1, 2010 Dr. Strut should not be trusted and in fact GEICO undertook additional verification as was their right under the no-fault system before making payments.

Dr. Strut stressed to the Court on his motion for summary judgment that a trifurcated approach needs to be taken to GEICO's claims.

  1. To the extent that GEICO made payment prior to November 2010 (when it acknowledged it no longer relied on Dr. Strut) there may be legitimate basis to litigate a fraud claim outside of the no-fault system.

2

2. After November 1, 2010 GEICO voluntarily made payments as a business choice, despite not relying on Dr Strut. GEICO had every right under the No-Fault rules to deny payment based on fraud, and to challenge the request for reimbursement on the basis of fraud in the no-fault system. Those claims should not be litigated.

3. To the extent that GEICO seeks to prevent Dr. Strut from treating GEICO patients in the future based on allegations associated with medical necessity and proper coding the federal court is not the proper forum. GEICO has every right under the No-Fault rules to deny payment based on fraud, and to challenge the request for reimbursement on the basis of fraud in the no-fault system. That is where the controversy belongs.

This is not a FRCP 12 (b)(6) motion where the Court is constrained to accept as true the allegations. This is a motion for summary judgment brought after discovery is complete. Once Dr. Strut established his defense to fraud ( i.e. that there was no reliance and that his practice has been consistently found to be appropriate by independent arbitrators) it was GEICO's obligation to refute this proof by submitting admissible evidence to establish, at minimum, a question of fact.

## ARGUMENT

### I. Procedural Status Matters

These objections and the motion underlying them come before the Court on a motion for summary judgment. The cases cited by GEICO in support to their position are decisions in the context of 12(b)(6) motions or as a matter of default. The standard on a motion for summary judgment is critically different. On a motion for summary judgment the court is not constrained

to accept as true all of the allegations but rather must compare the proof as presented and determine whether or not factual questions remain for which a factfinder is required.

In opposition to Strut's motion and evidence GEICO asserts that "To the contrary there have been many cases in which insurers have been permitted to proceed on the basis of misrepresentations regarding the medical legitimacy of the billed-for goods and services, or misrepresentations as to whether service was provided in the first case. " [Dkt 102 pg 20]  The cases cited by GEICO are not determinations made on summary judgment but rather addressed to the pleadings alone.

In support Plaintiffs cite:

1. *Allstate insurance Company v Lyons,* supra, 843 F. Supp. 2d at 366, 369

    "For the reasons set forth below, I deny the motions to dismiss in their entirety. I also deny the motion to compel arbitration with respect to all claims except those that Allstate is not yet paid. For this residual category of claims, the motion to compel arbitration is granted".

The court specifically notes and highlights the distinction between a motion to dismiss and a motion for summary judgment:

2. *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 371, 2012 U.S. Dist. LEXIS 19866, *21, 2012 WL 517600 (E.D.N.Y. 2012)

    "Again, defendants fail to appreciate the standard of review on **a motion to dismiss**."

3. *Allstate Ins. Co. v. Etienne,* 2010 U.S. Dist. LEXIS 113995 at * 4 - * 11 (E.D.N.Y. 2010)

    "In considering a rule 12(b)(6) motion, a court must accept all the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. See Erickson v. Pardues 551 U.S. 89, 94, 127 SC+ 2197, 167 L ED 2d 1081 (2007); *Ofori-Tenkorang v. American International Group*, 460 F.3d

296, 298 (2d Cir. 2006). A court must then determine whether a plaintiff has stated quote enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly 550 U.S. 544, 547, 127 S.Ct.(1955), 167 L. Ed. 2d 929 (2007)"

*Id* at Page 4.

4. *State Farm Mut. Auto.Ins. Co. v. Cohan*, 2009 U.S. Dist. LEXIS 125653 (E.D.N.Y. 2009)

    Judgment taken on default.

5. *Allstate Ins. Co. v. Valley Physical Med. & Rehab.*, P.C., 2009 U.S. Dist. LEXIS 91291, * 28 (E.D.N.Y.2009)

    Motion to dismiss decided on pleading standards pursuant to *Twombly* and *Ashcroft v. Iqbal*

    "Reliance is not a matter appropriately decided **on a motion to dismiss**." *See* AIU Insur. Co. v Olmecs Med. Supply, Inc., 2005 U.S. Dist. LEXIS 29666, 2005 WL 3710370, at *14 (E.D.N.Y. Feb. 22, 2005).

6. *Allstate Ins. Co. v. Ahmed Halima,* 2009 U.S. Dist. LEXIS 22443 (E.D.N.Y. 2009)

    Motion pursuant to rule 12(b)(6).

    "The court agrees with the plaintiffs. On a **motion to dismiss**, the court cannot say definitively that an insurance company that received thousands of insurance claims could not reasonably rely and facially valid claim submitted by licensed professional corporation and accompanied by reports from licensed physicians"

7. *Allstate Ins. Co. v. Ahmed Halima*, 2009 U.S. Dist. LEXIS 22443

    See CPT Med. Servs., 2008 U.S. Dist. LEXIS 71156, 2008 WL 4146190, at *13 (holding [*16] that an insurance company's allegations that it paid for "fraudulent claims" for medically unnecessary CPT Tests by "relying on

mispresentations contain[ed]" in those claims **satisfies the pleading requirement** of reasonable reliance).

8. *State Farm Mutual Auto Insurance Company v Kalika*, 2006 US Dist Lexis 97454

    12(b)(6) Motion to dismiss

    "The Second Circuit has stated that in deciding **a rule 12(b)(6) motion**, a court must " except as true the factual allegations of the complaint, and draw all inferences in favor of the pleader"

    *Id* at Page 9.

9. *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C*., 375 F. Supp. 2d 141, 147-148 (E.D.N.Y. 2005)

    12(b)(6) Motion to dismiss

    "The facts as set forth below are drawn from the complaint, the allegations of which the court accepts as true solely for purposes of this **motion to dismiss**."

10. *AIU Ins. Co. v. Olmecs Med. Supply, Inc.,* 2005 U.S. Dist. LEXIS 29666 at * 8 - * 4 (E.D.N.Y. 2005)

    "Defendant's " moves to dismiss the complaint on the grounds that plaintiffs have failed to sufficiently allege violations of civil RICO under 18 U.S.C. section 1962; failed to adequately plead the elements of common-law fraud; and it failed to sufficiently plead unjust enrichment"

The court specifically distinguished the decision in that case from the decision in *New York Auto Insurance Plan v. All-Purpose Agency & Brokerage Inc*., 1998 US Dist. LEXIS 15645 (S.D.N.Y. October 6, 1998 by noting:

"New York Auto Insurance however was **decided on a motion for summary judgment, which tested plaintiffs' proof that defendants had acted together with a common purpose, not plaintiff's allegations.** *See* United States Fire Ins. Co. v. United Limousine Serv. 8303 Fed sup 2nd 432 for 47 n.4( S.D.N.Y. 2004). (emphasis added)

*Id* at Page 8.

This Court is not faced here with a motion to dismiss. This is a motion for Summary Judgment.

GEICO concluded in direct and unmistakable fashion that they did not trust Dr. Strut as of November 1, 2010. As of that date GEICO's Special Investigation Unit had concluded its investigation of Dr. Strut with findings that are exactly the same as GEICO announces to this Court establish fraud. Specifically "cookie cutter narratives", "using a template for the narratives", "prescribing an excessive amount of prescription drugs", and excessive treatment for "minimal impact" auto accidents. Special Investigation Unit Report November 1, 2010 [Dkt 74-19]. GEICO has not established any fact question as to the critical issue of reliance. Summary Judgment is appropriate.

**II.   Plaintiffs' Burden**

Plaintiffs' burden on a motion for summary judgment is to lay bare their proof and show, at a minimum, factual question exists. A motion for summary judgment test the parties proof, not their allegations.

Instead of submitting affidavits from first hand physicians and patients in support to their claim the Plaintiff relied solely on their hired gun experts. The expert's opinions and positions were based merely on a review of some of Dr. Strut's patient's medical records. That is insufficient to defeat a motion for summary judgment wherein persons with personal knowledge of the facts asserted under oath in affidavits that the treatment was performed. The motion is further supported by arbitrators who overwhelmingly determined that Dr. Strut's practice in general is appropriate and his billing methods and characterization of treatment is entitled to reimbursement in the No-Fault system.

The testimony of hired gun expert especially does not address the fact that GEICO was not and is not now relying on Dr. Strut.

## III.   Reliance is Not Present

GEICO wants to assert that it is not precluded from seeking reimbursement of payments made even though it was not relying on Dr. Strut because it had the <u>right to</u> reasonably rely on the boilerplate verifications. It has been irrefutably established that <u>they were not relying</u> on Dr. Strut as of November 1, 2010. GEICO's own documents obtained through discovery and confirmed by the deposition of their No-Fault administrative personnel, clearly establishes that GEICO did not believe Dr. Strut. As such, they cannot claim that they relied on his statements to their detriment.

GEICO confirmed in their own Special Investigations Unit Case Report dated November 1, 2010 that they had investigated Dr. Strut and determined he was not to be trusted. In fact they were so sure that they referred him to the "Department of Health, Drug Enforcement Administration and other government agencies". [DKT 74-19] The case report reads in part:

> **"SUMMARY**
>
> This was a referral from PIP examiner Michelle Santiesteban to review Dr. Strutsovskiy narratives that appear to be "Cookie Cutter" and almost Identical on each claim. After carefully reviewing the claims and Dr Strutsovskiy narrative it was confirmed that he was using a template for the narratives and prescribing an excessive amount of prescription drugs to each of his claimants that were involved in motor vehicle accidents. After reviewing some of the photos associated with the claims it was later determined that a lot of the accidents were minimal impact. I reviewed the excessive amount of prescription drugs with Manager Sharyl Derenthal and we decided to contact the Department of Health, Drug Enforcement Administration and other government agencies.

The two providers were submitted Into Pre litigation department and it was accepted and at this time there is no further Investigation needed from SIU."

DKT 74-19 - Exhibit 8 to Motion for Summary Judgment

Dated November 1, 2010

Dr. Strut does not suggest that GEICO had a heightened responsibility to investigating Strut established that GEICO determined as of November 1, 2010 that they did not trust Dr. Strut.

"Merely having the means available to inquire does not preclude reliance; the critical factor is the existence of a reason for further inquiry. The existence of a reason for further inquiry is highly fact dependent, even under the circumstances alleged herein." *Allstate Ins. Co. v. Valley Physical Med. & Rehab.*, *P.C.*, 2009 U.S. Dist. LEXIS 91291, *15-16, 2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009).

Despite GEICO's suspicions Dr. Strut continued to have success whenever his practice protocol, record keeping and coding was reviewed. Dr. Strut produced evidence on the motion of a high success rate in arbitration over the very issues at stake in this litigation. [DKT 88-3].

"That system, designed by the legislature to make just such determinations, has since February 2013, upheld Dr. Strut's reimbursement requests over ninety percent (90%) of the time (Exhibit 17). In one arbitration report, the arbitrator even chastised GEICO for failing to provide any real basis for the denial." [DKT 88-3 - Declaration of Pasquale V. Bochiechio, Esq.]

GEICO did not deny the facts as stated. Instead GEICO responds by asserting that they are not seeking reimbursement of those arbitration payments. They missed the point.

GEICO seeks a wholesale order from this Court declaring that Dr. Strut's practice in total is fraudulent. The high rate of success in the No-Fault arbitrations was presented to establish that Dr. Strut's practice cannot be judged *in total* as a "fraudulent scheme". In response to this

9

overwhelming evidence that the very process created by the New York Legislature to determine medical necessity and proper billing in no-fault resoundingly finds Dr. Strut's practice, record keeping and billing to be appropriate and compliant, GEICO submits nothing more than hired gun opinion of some of Dr. Strut's records. GEICO submits no affidavits or evidence from persons with personal knowledge of the manner of treatment. GEICO was required on this motion to refute with appropriate evidence the affidavit of Dr. Strut himself and the records of the No-Fault system arbitrations.

The arbitrators are best suited to make a determination as to whether or not the treatment is being performed, is medically necessary, and/or is properly coded. On this motion for summary judgment GEICO does not deny that Dr. Strut's practice is upheld on a consistent basis.

## IV. Not All Claims Are The Same

GEICO cites to cases to argue that federal court is an appropriate forum to resolve the dispute with Dr. Strut. Those cases are distinguishable from this case in two important ways. First procedurally as discussed above and second based on the timing of the determination by the carrier of "fraud". Specifically those are cases wherein an insurer, including GEICO, paid No-Fault reimbursement claims and *later determined* that the claims may have been fraudulently submitted.

> "CPT Med. Servs., 2008 U.S. Dist. LEXIS 71156, 2008 WL 4146190, at *7 (holding that an insurance company "is not precluded from bringing an action alleging fraud and unjust enrichment merely **because it did not discover the defendants' alleged fraud within the thirty day claim period**"). Thus, Plaintiffs have sufficiently pled reasonable reliance." (emphasis added). *Allstate Ins. Co. v. Ahmed Halima*, 2009 U.S. Dist. LEXIS 22443.

> "Several courts, including this Court, have considered the language and intent of Section 5106 and reached a conclusion similar to the interpretation

issued by the DOI. Indeed, Justice Gammerman, in Progressive Northeastern Insurance Co. v. Advanced Diagnostic & Treatment Medical, P.C., explicitly rejected the argument that Section 5106 is a bar to an action brought by an insurer to recoup benefits paid pursuant to fraudulent claims. 226 N.Y.L.J. at 18 (Sup. Ct. N.Y. Cty. Aug. 2, 2001) (holding that claims of common law fraud and unjust enrichment were not barred "where, as here, **the insurer has already paid those benefits and discovers fraud** on the part of a health care provider, who has submitted fraudulent claims")." (emphasis added). *State Farm Mut. Auto. Ins. Co. v. Kalika*, 2006 U.S. Dist. LEXIS 97454, *8-9, 2006 WL 6176152 (E.D.N.Y. Mar. 16, 2006).

"In short, regardless of the strength of Allstate's investigatory capabilities, it is not barred from asserting fraud claims solely for **failing to detect — within the no-fault law's 30-day window, no less — the complex fraudulent schemes attributed to defendants here. Allstate has adequately pled the element of justifiable reliance."** (emphasis added). *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 375, 2012 U.S. Dist. LEXIS 19866

*Claims Paid Prior to November 2010*

In this case GEICO paid some claims prior to their own internal determination on November 1, 2010 by the special investigation unit. Those pre-November 1, 2010 claims may appropriately be processed in federal court.

*Claims paid after November 2010*

However after November 1, 2010 any payment made by GEICO was not paid based of any later discovered fraud but rather was paid as a matter of business judgment. GEICO determined that they would prefer not to challenge the claims in the No-Fault system. GEICO had every right and ability under No-Fault to deny the claim based on their suspicion of fraud and deceit and to request whatever verification was necessary.

*Claims Not Yet Paid or Submitted*

The cases cited by GEICO do not support the position that federal court jurisdiction is appropriate as to claims not yet paid. With regard to claims not already paid GEICO should be required to process those claims through the No-Fault system.

As of yet unpaid claims clearly belong in the No-Fault system which provides the parties with the relief as required under law as part of an integrated statutory system

## V. Causation

GEICO asserts the actual reliance is not necessary in the RICO context. However, even in RICO, causation must be shown. Dr. Strut's documentation did not lead to GEICO making payment. After November 1, 2010 they made their own independent determination as a business decision to make the payment. GEICO has not shown a sufficient proximate causation connection to even support a RICO claim.

> ""[P]roximate cause . . . requires that 'there be some direct relation between the injury asserted and injurious conduct alleged.'" State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., No. 04-CV-5045 (ILG), 2008 U.S. Dist. LEXIS 71156, 2008 WL 4146190, at (E.D.N.Y. Sept. 5, 2008) (quoting Holmes, 503 U.S. at 268). "[W]here mail fraud is the predicate act for a civil RICO claim . . . the proximate cause element . . . requires the plaintiff to show 'reasonable reliance.'" State Farm Mut. Auto. Ins. Co. v. Eastern Med., P.C., No. 05-CV-3804 (ENV) (RML), 2008 U.S. Dist. LEXIS 59891, 2008 WL 3200256, at *5 (E.D.N.Y. Aug. 5, 2008) (quoting Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 176 (2d Cir. 2004)); Frankel v. Cole, No. 06-CV-439 (CBA), 2006 U.S. Dist. LEXIS 96775, 2007 WL 5091074, at *20 (E.D.N.Y. Apr. 20, 2007). *Allstate Ins. Co. v. Ahmed Halima*, 2009 U.S. Dist. LEXIS 22443 *31-33, 2012 WL 517600 (E.D.N.Y. 2012).

## CONCLUSION

The New York Legislature established the New York Comprehensive Motor Vehicle Reparations Act ("No-Fault") as a complicated trade-off between having minor injuries clog the court system adding cost to both the courts and the carriers, and assuring that people receive the lost wages and medical treatment they were entitled to as a result of motor vehicle accidents. By taking fault out of the equation and creating a system wherein people could be treated by providers who could then seek reimbursement from the carrier the Legislature created an integrated system.

GEICO seeks to reap the benefit of that system by being able to avoid litigation over minor injuries while not participating in the less desirable part of the system from the carrier's perspective of quick payment, including mandating arbitration of disputes. GEICO loses when it arbitrates and therefore chooses not to arbitrate and rather seeks federal court intervention on a wholesale basis.

Having missed the mark on the practice management case they thought they had, GEICO cannot let this case go and therefore relies on a dubious past and *carte blanche* allegations of fraud unsupported by any reasonable claims of reliance.

If the Court allows GEICO's case to stand in this forum then there will be an additional burden placed on a federal court to determine medical necessity and proper coding in each and every case, and in fact, each and every treatment.

WHEREFORE, it is respectfully requested that the Court reject the Magistrate's Report and Recommendation (Dkt. 96), dismiss the remaining Causes of Action which GEICO itself has not already voluntarily abandoned.

Dated: Buffalo, New York
January 20, 2017

*/s/ Robert E. Knoer*
Robert E. Knoer, Esq.
**THE KNOER GROUP, PLLC**
*Attorneys for Defendants Strutsovskiy
and RES Physical Medicine &
Rehabilitation Services, P.C.*
424 Main Street, Suite 1820
Buffalo, New York 14202
(716) 332-0032
rknoer@knoergroup.com

TO: Barry I. Levy, Esq.
Max Gershenoff, Esq.
Susan L. Miller, Esq.
RIVKIN RADLER LLP

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co, GEICO General Insurance Company and GEICO Casualty Co.*

926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
barry.levy@rivkin.com
max.gershenoff@rivkin.com
susan.miller@rivkin.com